UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>T.V. AZTECA, S.A. de C.V., AZTECA HOLDINGS, S.A. de C.V., RICARDO SALINAS PLIEGO, PEDRO PADILLA LONGORIA, and LUIS ECHARTE FERNANDEZ,<br><br>Defendants. | Case No.: 1:05CV00004 (EGS) |

## AGREED FINAL JUDGMENT AGAINST
## DEFENDANT PEDRO PADILLA LONGORIA

The Securities and Exchange Commission having filed a Complaint and Defendant Pedro Padilla Longoria ("Defendant") having entered an appearance solely with respect to this action; and, solely with respect to this action, agreed not to contest the Court's venue, the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction which Defendant agrees not to contest); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] with respect to an issuer required to file reports with the Commission by knowingly circumventing or failing to implement a system of internal accounting controls or falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rules 13a-14 and 13b2-2 [17 C.F.R. § 240.13a-14, 13b2-2], by

    (a)    failing to timely and accurately complete the certification or certifications required under rule 13a-14;

    (b)    as an officer or director of an issuer required to file reports with the Commission, directly or indirectly,

        (1)    making or causing to be made a materially false or misleading statement to an accountant in connection with; or

        (2)    causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

            (i)    any audit, review or examination of the financial statements of the issuer required to be made pursuant to the Commission's rules or otherwise; or

            (ii)    the preparation or filing of any document or report required to be filed with the Commission pursuant to the Commission's rules or otherwise; or

        (3)    taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of an issuer that are required to be filed with the Commission, pursuant to the Commission's rules or otherwise, where the Defendant knew or should

have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of section 13(a) and Commission Rules 12b-20, 13a-1 and 13a-16 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16], by knowingly providing substantial assistance to an issuer that

    (a)    fails to file with the Commission:

        (1)    such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to section 12 of the Exchange Act, 15 U.S.C. §78*l*, and

        (2)    such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports, as the Commission may prescribe; or

    (b)    fails to add such further material information, if any, as may be necessary to make required statements in the light of the circumstances under which they are made not misleading, to that information expressly required to be included in a statement or report; or

(c) fails to file in a timely fashion with the Commission annual reports on the appropriate form authorized or prescribed for each fiscal year.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), (b)(2)(A) and (b)(2)(B)] by knowingly providing substantial assistance to an issuer that

(a) fails to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a payment of $1, which shall serve as a predicate for the establishment of a Fair Fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, and is liable to make a payment in the amount of $1,000,000 pursuant to Section 21(d)(3) of the Exchange Act. Defendant shall satisfy these obligations by paying the sum of $1,000,001 within thirty days of the date of the entry of this Final Judgment to the Clerk of this Court. At the time of payment, Defendant shall submit to the Clerk of the Court a cover letter identifying the paying defendant's name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the Defendant.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, all amounts, excluding $1, ordered to be paid pursuant to this Judgment shall be treated as monies paid to the government pursuant to the provisions of Section 21(d)(3) of the Exchange Act for all purposes, including all tax purposes. Defendant shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the amounts paid by Defendant ("Offset"). If the court in any Related Investor Action grants such an offset or reduction, Defendant shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional amount of money paid pursuant to Section 21(d)(3) of the Exchange Act and shall not be deemed to change the amount of relief imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of the Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 9/15/.06

UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

By: _____

Harold R. Loftin, Jr.
Securities and Exchange Commission
801 Cherry St., 19th Floor
Fort Worth, Texas 76102
(817) 978-6447
Attorney for Plaintiff

By: _____

David M. Zornow
Lawrence Spiegel
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Counsel for Defendant
Pedro Padilla Longoria